**C. Randolph EVANS, Appellant,**

v.

**MISSOURI PACIFIC RAILROAD COMPANY and Joseph Falvey, Appellees.**

No. 85–2233.

United States Court of Appeals,
Eighth Circuit.

Submitted April 15, 1986.

Decided July 8, 1986.

Rehearing and Rehearing En Banc
Denied Aug. 13, 1986.

Jack A. Strellis, St. Louis, Mo., for appellant.

Thomas R. Jayne, St. Louis, Mo., for appellees.

Before ROSS, Circuit Judge, HENLEY, Senior Circuit Judge, and ARNOLD, Circuit Judge.

ROSS, Circuit Judge.

C. Randolph Evans appeals the dismissal of his complaint alleging slander plus injury and damages pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.* (1972). The district court granted the motion to dismiss finding that the case was a "minor dispute" under the Railway Labor Act, 45 U.S.C. § 151 *et seq.* (1972), and as such, required arbitration rather than court adjudication. This case had been removed to the federal district court for the Eastern District of Missouri from the Circuit Court of the City of St. Louis. For the reasons hereinafter stated, we reverse and remand.

**Background**

Appellant C. Randolph Evans was employed by appellee Missouri Pacific Railroad Company. After being disabled for over a year, appellant informed the company agent, appellee Joseph Falvey, that he was able to resume working. An employment hearing was conducted to determine the personnel that would occupy the positions available. Appellant states that during the hearing appellee Falvey slandered him by saying to a third person that Evans could not be trusted to tell the truth and that Evans was a liar.

Appellant Evans originally brought an action in the Circuit Court of the City of St. Louis. The complaint alleged common law slander and injury and damages pursuant to the Federal Employers' Liability Act (FELA). Appellee Missouri Pacific Railroad Company sought, and was granted, removal of the pending action to the United States District Court, claiming that the federal court had subject matter jurisdiction pursuant to 28 U.S.C. § 1441 (1973). Appellees then filed a motion to dismiss the complaint stating that the Railway Labor Act, 45 U.S.C. § 151 *et seq.*, requires that this case be submitted to arbitration rather than adjudicated through court proceed-

ings. The motion to dismiss was granted. Appellant contends that the federal district court did not have subject matter jurisdiction and could not grant the motion to dismiss.

**Discussion**

Title 28 U.S.C. § 1441 provides in part:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

There is no general test formulated by the courts for determining when a case "arises under" federal law. *First National Bank v. Aberdeen National Bank*, 627 F.2d 843, 849 (8th Cir.1980) (*en banc*). "[A] right created by federal law must be an essential element of plaintiff's cause of action, [and the essence of the federal claim must appear on the face of the complaint], unaided by the answer or petition for removal." *Id. citing Gully v. First National Bank*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936).

■■■ Appellant filed a two-count petition in which the first count alleged slander by the appellees Missouri Pacific Railroad Company and Joseph Falvey. Appellant's complaint does not show a federal right as an essential part of his claim. Appellee contends that appellant has attempted to draft his complaint around what is essentially a federal cause of action. We disagree. The first count appears to set forth a well-pleaded state claim of slander.

Appellees contend that the complaint, as a "minor dispute",[1] arises under the Railway Labor Act and therefore federal law precludes and preempts the application of a common law or FELA remedy. Appellees argue that if a claim is in fact preempted by federal law, the claim necessarily arises under federal law and the removal court has jurisdiction. This court has held that the federal preemption defense in response to a state law claim is not a ground for removal. *First National Bank, supra,* 627 F.2d at 853. "[A]n assertion of preemption is a *defense* to plaintiff's state law claim and not a ground for federal jurisdiction." *Id.* at 851; *see also First Federal Savings & Loan Association v. Anderson,* 681 F.2d 528, 533 (8th Cir.1982); *Lawrence County v. South Dakota,* 668 F.2d 27, 32 (8th Cir.1982). Beyond the preemption defense we find that the complaint presents no questions which would require interpretation of the Railway Labor Act for their resolution. The district court did not have jurisdiction based on a federal question or otherwise.

The second count of the complaint alleged a cause of action pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.*

Title 28 U.S.C. § 1445 (Supp.1986) states in pertinent part:

(a) A civil action in any State court against a railroad or its receivers or trustees, arising under sections 51–60 of Title 45, may not be removed to any district court of the United States.

State courts have concurrent jurisdiction with federal district courts of an action by an employee against an employer railroad under FELA. 45 U.S.C. § 56. However, if the employee chooses to bring an FELA

---

1. A "minor dispute" relates to the interpretation or application of a particular provision of the collective bargaining agreement or to a situation not covered by the agreement but which concerns the employment relationship. *Elgin, Joliet & Eastern R.R. v. Burley,* 325 U.S. 711, 723, 65 S.Ct. 1282, 1290, 89 L.Ed. 1886 (1945).

claim in state court, section 1445(a) protects plaintiff's right to bring the action there and prevents removal to the federal district court by the railroad. *Burnett v. New York Central Railroad*, 380 U.S. 424, 434, 85 S.Ct. 1050, 1057–58, 13 L.Ed.2d 941 (1965).

Accordingly, the holding of the district court that it had removal jurisdiction is reversed. The order of dismissal is vacated, and the case is remanded with instructions to remand to the state court.