**Jose GONZALEZ, et al., Plaintiffs,**

v.

**EASTERN AIR LINES, INC., Defendant.**

**Civ. No. 86–1857 (JP).**

United States District Court, D. Puerto Rico.

July 7, 1987.

José A. Fuentes Agostini, Troncoso & Fuentes Agostini, Old San Juan, P.R., Nicolás Nogueras, Jr., Río Piedras, P.R., for plaintiffs.

Lawrence E. Duffy, San Juan, P.R., for defendant.

## OPINION AND ORDER

PIERAS, District Judge.

Eighty-six-named plaintiffs, present and former flight attendants for defendant Eastern Airlines, and members of Local 553, Transportation Workers Union of America, AFL–CIO, brought this suit in the state courts alleging breach of a contract between plaintiffs and the Governor of Puerto Rico on one side and Eastern on the other. The subject matter of this contract, it is alleged, is a 1977 agreement between the Governor and Eastern to the effect that Eastern would maintain a flight attendants' base in Puerto Rico as long as flight attendants for Eastern were exempted from application of certain Puerto Rican labor laws.

These labor laws, which include the Bill of Rights of the Constitution of the Commonwealth of Puerto Rico, guarantee, among other things, payment of at least time and one-half of the wages earned for work done in excess of eight hours per day. Law 379 of 1949 is the statutory embodiment of this right. The Minimum Salary Board of Puerto Rico in its Sixth Revision of Mandatory Decree No. 38 made this labor legislation applicable to the air transport industry effective in 1979.

In 1977 Eastern objected to the impending application of these laws to flight attendants based in Puerto Rico. Legislation was proposed to exclude employees of firms dedicated to air transportation engaged in interstate commerce. The legislation was reported unfavorably out of committee because of the apparent conflict with the Bill of Rights of the Constitution of Puerto Rico.

In late 1977, the Secretary of Justice of the Commonwealth of Puerto Rico issued Opinion No. 1977–22 that effectively relieved Eastern, and other carriers, from application of the overtime laws because the work performed by some of their employees was outside of the territorial limits of Puerto Rico. Thereafter, Eastern did not remove the flight attendants base from Puerto Rico. There is no evidence on the record, however, of any promise made by Eastern to maintain the base.

Nine years later, Eastern announced its decision to close the flight attendants' base and to transfer the workforce. That closure was completed in November 1986.

## I.

This case was removed from the Superior Court of Puerto Rico, San Juan Division, on December 5, 1986. The removal petition was premised on both diversity of citizenship and federal question jurisdiction. 28 U.S.C. § 1441(a); *see also* 28 U.S.C. §§ 1332, 1331.

## II. *Characterization of Claims*

The contract claimed breached in this action is not the applicable collective bargaining agreement between Eastern and Local 553, but rather a contract between Eastern and the government and people of the Commonwealth of Puerto Rico. This contract apparently exists apart from the collective bargaining agreement but has no demonstrable form, no final integration. The question remains whether this state law breach of contract claim is preempted by federal law governing labor-management relations in the airline industry. Eastern has moved for summary judgment based on this preemption defense.

The Railway Labor Act (RLA) generally governs such labor-management relations. 45 U.S.C. § 181. The RLA preempts state law, and certain federal laws, as regards relations between covered industries and their unionized employees. The starting point for preemption analysis under the RLA is *Andrews v. Louisville & Nashville Railroad Company*, 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972). There, petitioner put forth a state claim of "wrongful discharge" against respondent railroad. Petitioner was, however, within the purview of the RLA. The right to be free from discharge stemmed solely from the applicable collective bargaining agreement. *Id.* at 324, 92 S.Ct. at 1565. Accordingly, the existence and extent of any obligation to reinstate petitioner would depend on an interpretation of the agreement. As such, the claim was subject to the Act's arbitration requirement. *Id.* "The fact that petitioner characterizes his claim as one for 'wrongful discharge' does not save it from the Act's mandatory provisions for the processing of grievances." *Id.* at 323–24, 92 S.Ct. at 1564–65.

Disputes over the interpretation or application of the collective bargaining agreement, as well as situations not covered by the collective bargaining agreement but that concern the employment relationship, are termed "minor disputes" in RLA parlance. *Elgin, Joliet & Eastern Railroad v. Burley*, 325 U.S. 711, 723, 65 S.Ct. 1282, 1289–90, 89 L.Ed. 1886 (1945); *Local 70 v. Western Pacific Railroad*, 809 F.2d 607, 610 & n. 2; (9th Cir.1987); *Railway Labor Executives' Association v. Boston & Maine Corporation*, 808 F.2d 150, 152 (1st Cir.1986); *Evans v. Missouri Pacific Railroad*, 795 F.2d 57, 58 & n. 1 (8th Cir.1986); *International Association of Machinists v. Aloha Airlines*, 776 F.2d 812, 815 (9th Cir.1985). "Major disputes", conversely, are those disputes that arise during the negotiation of prospective rights and duties, i.e., during the forging of a collective bargaining agreement. *Elgin, Joliet*, 325 U.S. at 723, 65 S.Ct. at 1289–90.

In determining whether a claim is a minor dispute and therefore must be arbitrated, the Court must examine the substance of the claim. *Andrews*, 406 U.S. at 324, 92 S.Ct. at 1565; *Stephens v. Norfolk & Western Railway*, 792 F.2d 576, 580 (6th Cir.1986); *Magnuson v. Burlington Northern, Inc.*, 576 F.2d 1367, 1369 (9th Cir.1978) ("Artful pleading cannot conceal ... the gravamen of the complaint ..."); *DeTomaso v. Pan Am World Airways*, 43 Cal.3d 517, 621, 235 Cal.Rptr. 292, 733 P.2d 614 (1987) (gathering cases). The Court should look to whether or not the conduct complained of is "arguably" governed by the collective bargaining agreement or has a not "obviously insubstantial" relationship to the labor contract. *Railway Labor Executives'*, 808 F.2d at 156; *Magnuson*, 576 F.2d at 1369–70. "Where the position of one or both of the parties is expressly and arguably predicated on the terms of the agreement," the suit involves the interpretation of the agreement. *Switchmen's Union v. Southern Pacific Co.*, 398 F.2d 443, 447 (9th Cir.1968). "Thus, the test is whether the conflict can be resolved by reference to an existing agreement." *Air Line Pilots Association v. United Airlines*, 642 F.Supp. 838, 841 (N.D.Ill.1986);

see also *Atchison, Topeka & Santa Fe Railway v. United Transportation Union*, 734 F.2d 317, 321 (7th Cir.1984). Where the parties disagree as whether the existing contract covers the dispute at hand, the dispute is minor unless the claims of contractual justification are "frivolous" or "obviously insubstantial." *Brotherhood of Locomotive Engineers v. Boston & Maine Corporation*, 788 F.2d 794, 798 (1st Cir. 1986); *Atchison, Topeka*, 734 F.2d at 321; *Air Line Pilots Association v. TWA*, 713 F.2d 940, 948 (2d Cir.1983). "Our task, however, is not to arbitrate this dispute, but to determine if 'it is even arguable that' the ... action was warranted by the contract." *Brotherhood of Locomotive Engineers*, 778 F.2d at 798, *quoting Carbone v. Meserve*, 645 F.2d 96, 98–99 (1st Cir.1981). Such a test is necessary to promote the purposes of the Railway Labor Act. *Union Pacific Railroad v. Sheehan*, 439 U.S. 89, 94, 99 S.Ct. 399, 402–03, 58 L.Ed.2d 354 (1978); *Atchison, Topeka*, 734 F.2d at 321; *Fechtelkotter v. Air Line Pilots Association*, 693 F.2d 899, 901 (9th Cir.1982).

■ Each of the collective bargaining agreements covering the time at issue in this suit contain the following arbitration clause: "Any Flight Attendant or group of Flight Attendants who has a grievance concerning any action of the Company [Eastern Air Lines] affecting them shall be entitled to have such grievance handled in accordance with the procedure established in Section 27 and hearing in cases of dispute." The carrier's argument that the contract covers the reassignment or discharge of flight attendants resulting from the closure of the San Juan flight attendants is not "frivolous" or "obviously insubstantial." We find that the essence of plaintiffs' complaint is that they have suffered, or will suffer damages by reason of their reassignment out of Puerto Rico or their termination of employment for refusal or unwillingness to be reassigned. This is a dispute over working conditions within the meaning of 45 U.S.C. section 152 First. The power of the carrier to reassign or discharge flight attendants who are members of Local 553 is circumscribed by the collec-

tive bargaining agreement between the two. This is clearly a matter of interpretation of the agreement. When a labor dispute in an industry covered by the RLA involves the interpretation of a collective bargaining agreement, that dispute is termed "minor" and the Railway Labor Act requires that it be submitted to arbitration. *Local 70*, 809 F.2d at 610. Because this is a "minor dispute," this Court has no subject matter jurisdiction.

Plaintiffs' attempt to characterize a purported agreement between Eastern and the Government of Puerto Rico as a non-negotiable state-conferred right is not availing. The dispute at issue here is "inextricably intertwined with consideration of the terms of the labor contract." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213, 105 S.Ct. 1904, 1912, 85 L.Ed.2d 206, 216 (1985) (Taft-Hartley § 301 preemption) "If the 'action is based on a matrix of facts which are inextricably intertwined with the grievance machinery of the collective bargaining agreement and of the R.L.A.,' exclusive jurisdiction of the NRAB [National Railroad Adjustment Board] preempts the action." *Stephens*, 792 F.2d at 580, *quoting Magnuson*, 576 F.2d at 1369. Although the NRAB's jurisdiction does not extend to the air transport industry, 45 U.S.C. § 181, the same result, *i.e.*, submission to arbitration, is reached under the system of statutorily required regional boards of adjustment. 45 U.S.C. § 184.

The purported agreement between Eastern and Puerto Rico attempts to invade the province of the carrier and its unionized employees to decide how, when, and to where they may be transferred or how and when the union members' employment with the carrier may end. Again, Eastern's claim that the collective bargaining agreement governs these matters is not "frivolous" or "obviously insubstantial." Consequently, this is a "minor dispute" within the meaning of labor relations law in this industry. This matter is therefore within the primary and exclusive jurisdiction of the arbitration machinery ordained by the RLA and provided for in the collective bargaining agreement between Eastern and

Local 553. As a result, the state law breach of contract claim is preempted by that federally required primary and exclusive jurisdiction.

Therefore, defendant's Motion for Summary Judgment is GRANTED. The case is DISMISSED.

The Clerk shall enter Judgment accordingly.

IT IS SO ORDERED.