929 F.Supp. 1280 (1996)
Waymon CALLOWAY, Plaintiff,
v.
UNION PACIFIC RAILROAD COMPANY, Defendant.
No. 4:95-CV-1888.
United States District Court, E.D. Missouri.
July 1, 1996.
John P. Kujawski, Kujawski & Faerber, Belleville, IL, for Plaintiff.
Thomas E. Jones, Walker and Williams, John P. Lord, III, Union Pacific Railroad Co., St. Louis, MO, for Defendant.

MEMORANDUM AND ORDER
SHAW, District Judge.
This matter is before the Court on plaintiff's Motion to Remand and defendant's Motion *1281 to Vacate the Order of the Circuit Court of the City of St. Louis, Missouri.

I. Background.

Plaintiff is employed by defendant as an electrician at its locomotive repair shop in North Little Rock, Arkansas. On July 29, 1993 plaintiff was injured when a locomotive engine collided with the engine he was repairing. As a result, plaintiff alleges he sustained severe and permanent injuries. Plaintiff has never returned to work. Plaintiff contends that his injuries are the direct result of defendant's negligence.
On September 17, 1993 defendant requested information from plaintiff regarding his physical condition and when he planned to return to work. On October 7, 1993 plaintiff's physician reported to defendant that plaintiff was under his care and could not return to work at that time.
Plaintiff commenced the instant lawsuit in the Circuit Court of the City of St. Louis, Missouri on January 3, 1994, alleging violations under the Federal Employer's Liability Act (the "FELA"), 45 U.S.C. §§ 51 et seq. Following the filing of the lawsuit plaintiff's physician again informed defendant that plaintiff was unable to return to work at that time. Defendant then requested additional information from plaintiff about his physical condition and when he could be expected to return to work. Specifically, defendant requested that plaintiff appear for a functional capacity assessment examination (the "examination") pursuant to defendant's Collective Bargaining Agreement with plaintiff's union. Additionally, defendant informed plaintiff that his failure to complete the examination to the best of his ability could result in a formal investigation resulting in discipline or discharge.
On September 12, 1994 plaintiff participated in the examination. The validity of the examination results were questionable, however, because the examiner found that plaintiff "demonstrated excessive inconsistency of effort." As a result, on March 20, 1995 defendant again requested that plaintiff participate in an examination pursuant to defendant's rights under the Collective Bargaining Agreement. On May 2, 1995 plaintiff under-went a second examination. The physician who conducted the examination found plaintiff could return to work provided that certain accommodations were made. Defendant ordered plaintiff to return to work on May 23, 1995. On May 24, 1995 plaintiff informed defendant he would not be returning to work as ordered. On June 26, 1995 defendant notified plaintiff that it would conduct a formal investigation (the "investigation") into his refusal to return to work.
On August 7, 1995 plaintiff filed a Verified Motion for Protective Order in this action, which was still pending in the Circuit Court of the City of St. Louis. Plaintiff filed the motion for protective order on the grounds that defendant's investigation and requests for medical examinations constituted improper and unofficial discovery methods. On September 6, 1995, the state circuit court judge granted plaintiff's Verified Motion for Protective Order, which prohibited defendant from (i) conducting the investigation; (ii) ordering plaintiff to participate in any medical examinations outside the provisions of the Missouri Rules of Civil Procedure; and (iii) discharging or disciplining plaintiff for his failure to appear for work, participate in medical exams, or participate in the investigation.
On October 5, 1995 defendant removed the case to this Court pursuant to 28 U.S.C. § 1441. Defendant contends that this case became removable on September 6, 1995, when the circuit judge presiding over plaintiff's FELA claim granted plaintiff's Verified Motion for Protective Order in violation of the Railway Labor Act (the "RLA"), 45 U.S.C. §§ 151 et seq. Defendant asserts that the circuit judge's issuance of the protective order prohibited defendant from exercising its rights under the Collective Bargaining Agreement. Defendant contends the protective order violated its federally-protected right to have this "minor" labor dispute resolved in accordance with the procedures provided under the RLA. Thus, defendant asserts this Court has federal question jurisdiction. 28 U.S.C. § 1331. In addition, defendant contends this Court should vacate the protective order of the circuit court as the issues addressed in the protective order *1282 are governed by the RLA. The Court disagrees.

II. Discussion.

"For better or worse, under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case `arises under' federal law." Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 10, 103 S.Ct. 2841, 2847, 77 L.Ed.2d 420 (1982). In order to be removable, the case must be one that originally could have been filed in federal court.[1]Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429-30, 96 L.Ed.2d 318 (1987). "Absent diversity of citizenship, federal-question jurisdiction is required. The presence or absence of federal-question jurisdiction is governed by the `well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. "[A] defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a [non-removable] claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated." Id. (federal labor law did not pre-empt state law claim where defendant raised defense requiring court to interpret or apply collective bargaining agreement); Evans v. Missouri Pacific R. Co., 795 F.2d 57, 58 (8th Cir.1986) cert. denied, 481 U.S. 1013, 107 S.Ct. 1886, 95 L.Ed.2d 494 (1987) (federal preemption defense, that state law claim was "minor dispute" under RLA, was not ground for removal); Duffel v. Union Pacific Railroad Co., ___ F.Supp. ___ [1995 WL 874186] (E.D.Mo.1995) (Court rejected argument that a protective order created a removable claim under the RLA).
The Court notes that no part of the FELA was repealed by the RLA. Atchison, Topeka & Santa Fe Ry. v. Buell, 480 U.S. 557, 566-67, 107 S.Ct. 1410, 1416-17, 94 L.Ed.2d 563 (1987). Moreover, "A suit that states a claim under the FELA cannot be thrown out on the ground that it is really a minor dispute under the RLA." Hammond v. Terminal RR Ass'n of St. Louis, 848 F.2d 95, 96 (7th Cir.1988); see Fox v. Norfolk & Western Ry. Co., 755 F.Supp. 265, 267 (E.D.Mo.1991).
Plaintiff's petition asserts a claim of negligence resulting in physical injury, which falls within the clear boundaries of the FELA. Nothing in plaintiff's petition alleges a dispute under the Collective Bargaining Agreement. It is only after plaintiff filed his motion for protective order that defendant argues its suit comes within the purview of the RLA. Defendant contends that the dispute covered by the circuit court's protective order prohibits defendant from exercising its rights under its Collective Bargaining Agreement, in violation of the RLA. Defendant, however, does not argue that the allegations of plaintiff's petition assert a removable claim under the RLA.
Plaintiff filed his motion for protective order to obtain relief from allegedly improper and unofficial discovery methods attempted by defendant during the pendency of plaintiff's FELA lawsuit. This case does not require the Court to interpret or apply the Collective Bargaining Agreement but rather to determine defendant's negligence or lack of negligence in causing plaintiff's injuries. Plaintiff's petition clearly states claims arising under the FELA and not the RLA. Defendant has made no showing that plaintiff's petition states facts actionable under the RLA.
The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. Hatridge v. Aetna Casualty & Surety Co., 415 F.2d 809, 814 (8th Cir.1969); Bergstrom v. Burlington Northern Railroad Co., 895 F.Supp. 257, 258 (D.N.D.1995). Defendant has not met that burden.
28 U.S.C. § 1447(c) provides, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Because *1283 it appears that this Court lacks jurisdiction, the Court will remand this case to the Circuit Court for the City of St. Louis pursuant to 28 U.S.C. § 1447(c). Additionally, the Court will deny defendant's motion to vacate the order of the circuit court as the Court lacks jurisdiction over this matter.
Lastly, plaintiff has requested fees and costs incurred in bringing his motion to remand. Pursuant to 28 U.S.C. § 1447(c), an order remanding a case may require payment of just costs, including attorney's fees, in the discretion of the Court. See, e.g., Penrod Drilling Corp. v. Granite State Ins. Co., 764 F.Supp. 1146, 1147 (S.D.Tex.1990); IMCO USA, Inc. v. Title Ins. Co., 729 F.Supp. 1322, 1324 (M.D.Fla.1990); Hom v. Service Merchandise Co., Inc., 727 F.Supp. 1343, 1345 (N.D.Cal.1990); Elkhart Co-op Equity Exchange v. Day, 716 F.Supp. 1384, 1388 (D.Kan.1989). An award of attorney fees on remand is discretionary and not dependent upon a finding of bad faith. See Burrus v. Norfolk & Western Railway Co., No. 2:94-CV-0089 CAS, 1994 WL 904000 (E.D.Mo. Dec. 6, 1994); Ozark Steel Fabricators, Inc. v. Smith, No. 91-2253 C(2), 1992 WL 754504 (E.D.Mo. Sept. 15, 1992). Under the circumstances of this case the Court finds that an award of reasonable costs and fees associated with remand is warranted.
Plaintiff has submitted an affidavit of counsel showing attorney's fees and costs incurred in opposing the removal in the amount of Four Thousand Nine Hundred Seventy-Five Dollars ($4,975.00) for attorney's fees, and One Hundred Ninety-Seven Dollars and Twenty-Three Cents ($197.23) for costs. Plaintiff's counsel states he spent 19.9 hours preparing plaintiff's Motion to Remand and Memorandum in support thereof.
Specifically, plaintiff's counsel states he spent 5.2 hours conducting research. Plaintiff's counsel also states he spent 2.5 hours drafting plaintiff's Motion to Remand and 5 hours drafting plaintiff's Memorandum in Support of Motion to Remand. Plaintiff's attorney further states he spent 1.2 hours drafting plaintiff's Objection to Defendant's Motion to Cite Additional Authority in Support of Motion to Remand. Additionally, plaintiff's counsel asserts he spent 6 hours drafting plaintiff's Brief and Verified Suggestions in Opposition to Defendant's Motion to Vacate Order, all in connection with plaintiff's motion to remand.
The Court finds the amount of time expended by plaintiff's attorney in connection with plaintiff's motion to remand excessive. The Court concludes eight hours is a reasonable amount of time spent opposing the removal. In addition, plaintiff's attorney identifies his hourly fee rate as $250.00 per hour. The Court finds this fee rate unreasonable and will apply an hourly fee rate of $150.00 per hour. Thus, the Court will award attorney's fees in the amount of One Thousand Two Hundred Dollars ($1,200.00).
As to costs, plaintiff's counsel contends he is entitled to reimbursement for WestLaw computer research in the amount of $171.53. Computer-based legal research must be factored into an attorney's hourly fee for the purpose of an award of fees and cannot be independently taxed as an item of cost in addition to attorney's fees. Standley v. Chilhowee R-IV School Dist., 5 F.3d 319, 325 (8th Cir.1993). The Court therefore will not award plaintiff costs for computer-based research. The Court, however, will award plaintiff Twenty-Five Dollars and Seventy Cents ($25.70) for copying charges associated with plaintiff's Brief and Verified Suggestions in Opposition to Defendant's Motion to Vacate Order.
Based on the above the Court will award plaintiff reasonable attorney's fees and costs against defendant in the amount of One Thousand Two Hundred Twenty-Five Dollars and Seventy Cents ($1,225.70), as "just costs" pursuant to 28 U.S.C. § 1447(c).
Accordingly,
IT IS HEREBY ORDERED that plaintiff's motion to remand is GRANTED. [Doc. 8]
IT IS FURTHER ORDERED that this case is REMANDED to the Circuit Court of the City of St. Louis.
IT IS FURTHER ORDERED that plaintiff's request for fees and costs is GRANTED, and plaintiff is awarded reasonable attorney's fees and costs from Union Pacific Railroad Co. in the amount of One Thousand *1284 Two Hundred Twenty-Five Dollars and Seventy Cents ($1,225.70), to be paid to counsel within twenty (20) days of the date of this order.
IT IS FURTHER ORDERED that defendant's Motion to Vacate the Order of the Circuit Court of the City of St. Louis, Missouri is DENIED. [Doc. 10]
NOTES
[1] Although FELA claims can be filed in federal court, they cannot be removed to federal court. 28 U.S.C. § 1445(a). Therefore the Court treats this FELA action as if there were no original federal question jurisdiction for purposes of removal.