901 So.2d 317 (2005)
Dolores CONNELL, Appellant,
v.
CITY OF PLANTATION, et al., Appellee.
No. 4D04-728.
District Court of Appeal of Florida, Fourth District.
May 4, 2005.
*318 Richard B. Doyle, Jr., of Loughren and Doyle, P.A., Fort Lauderdale, for appellant.
Scott D. Alexander of Johnson, Anselmo, Murdoch, Burke, Piper & McDuff, P.A., Fort Lauderdale, for appellee.
MAY, J.
The plaintiff appeals an order denying a motion for entry of a final judgment and to award costs following an arbitration award. She argues the trial court erred in refusing to enter a final judgment and award costs. We agree and reverse.
The plaintiff filed a complaint for a trip and fall on a walkway owned by the City of Plantation. The complaint alleged negligent maintenance of the walkway. She sought compensatory damages and "interests and costs" associated with the litigation.
The court ordered the parties to attend nonbinding arbitration, pursuant to section 44.103, Florida Statutes (2003). The arbitrators verdict form inquired only as to the parties respective degrees of negligence and the amount of damages. On December 10, 2003, the arbitrator entered an award of $14,429.20, and apportioned *319 eighty percent liability to the plaintiff and twenty percent to the City. The award did not address costs. Neither party objected to the arbitrators award within the twenty-day time period provided by statute.
On January 9, 2004, the plaintiff moved for entry of a final judgment and for taxation of costs in the amount of $3,619.65. The court denied the motion to tax costs, but then sua sponte granted a rehearing.
Just prior to the rehearing, the City furnished the plaintiff with full payment of the $14,429.20 arbitration award. During the rehearing, the City argued the court should not enter a final judgment because the payment had been satisfied and nothing further was required to carry out the arbitrators decision. The court agreed and did not enter a final judgment. It also adhered to its decision to deny costs.
We first address whether the trial court properly denied the plaintiff's motion for entry of a final judgment. Because the answer is dependent on an interpretation of section 44.103(5), Florida Statutes (2003), this court reviews the trial court's decision de novo. See Sullivan v. Fla. Dep't of Envtl. Prot., 890 So.2d 417 (Fla. 1st DCA 2004).
A court "may refer any contested civil action filed in a circuit court or county court to nonbinding arbitration." See § 44.103(5), Fla. Stat. (2003). The arbitrator's decision "shall be final if a request for a trial de novo is not filed within twenty (20) days...." See § 44.103(5), Fla. Stat. (2003); see also Fla. R. Civ. P. 1.820(h). The arbitrator is permitted to rule only on those issues submitted for arbitration. See Fla. R. Ct. Arb. 11.060(c)(1).
Section 44.103(5), Florida Statutes, sets forth the duties of a trial court following an arbitrator's final decision:
[t]he decision shall not be made known to the judge who may preside over the case unless no request for trial de novo is made as herein provided or unless otherwise provided by law. If no request for trial de novo is made within the time provided, the decision shall be referred to the presiding judge in the case who shall enter such orders and judgments as are required to carry out the terms of the decision, which orders shall be enforceable by the contempt powers of the court, and for which judgments execution shall issue on request of a party.
§ 44.103(5), Fla. Stat. (2003) (emphasis added).
In this case, neither party requested a trial de novo within twenty days. Thus, pursuant to the statute, the presiding judge was required to "enter such orders and judgments as are required to carry out the terms of the decision." Id. The court denied entry of a final judgment, reasoning there were no orders or final judgments required to carry out the terms of the decision because the award had been paid.
While we understand the logic the court employed to reach its decision, the decision was nevertheless wrong. This court has previously held that entry of a judgment in accordance with an arbitrator's decision is a ministerial act. The trial court has no discretion to deny such a request. See Johnson v. Levine, 736 So.2d 1235 (Fla. 4th DCA 1999).
The plaintiff next argues the trial court erred in denying her request to tax costs because she was the prevailing party in the arbitration. The City contends the plaintiff is not entitled to costs because the arbitrator did not include an award of costs, and the award became final when neither party sought a trial de novo. Alternatively, the City contends an award of costs following an arbitration award would *320 undermine the purpose of the arbitration statute and violate public policy. We disagree.
While section 44.103(6) discusses the assessment of fees and costs when the award is challenged, the statute is silent regarding costs and fees incurred when the arbitration award is unchallenged.
Section 57.041, Florida Statutes (2003), provides that the prevailing party in a civil action is entitled to recover all of his or her costs associated with the underlying litigation.
(1) The party recovering judgment shall recover all his or her legal costs and charges which shall be included in the judgment; but this section does not apply to executors or administrators in actions when they are not liable for costs.
(2) Costs may be collected by execution on the judgment or order assessing costs.
§ 57.041(1)-(2), Fla. Stat. (2004) (emphasis added). This provision requires the trial court to award costs to the prevailing party. See, e.g., Tacher v. Mathews, 845 So.2d 332 (Fla. 3d DCA 2003).
Because section 44.103 fails to address the issue of fees and costs where an arbitration award is unchallenged, we rely upon section 57.041 to resolve the issue. Nothing in section 44.103 prevents us from doing so.
Here, the arbitrator was limited to the issues of liability and damages. See Fla. Rule Ct. Arb. 11.060(c)(1). Yet, there is no dispute the plaintiff requested costs and interest in her complaint. Thus, the defendant was on notice of the plaintiff's claim for costs.
We understand the defendant's argument that without knowing the amount of the costs at the time the arbitration award is entered, it makes it difficult to determine whether the award should be challenged within the requisite twenty days. Perhaps in future cases it would be wise for the court to submit the cost issue to the arbitrator so that the losing party knows its precise financial responsibility before it has to make a decision on whether to challenge the award. In the absence of such a referral, however, we find nothing in the statutory scheme that would prevent the trial court from awarding costs post-arbitration. The plaintiff was not entitled to taxation of costs, however, until the arbitration award became final and the trial court entered a final judgment reflecting the unchallenged award.
We reverse and remand the case to the trial court for entry of a final judgment and a determination of costs to be taxed against the defendant, pursuant to section 57.041, Florida Statutes.
REVERSED.
KLEIN and GROSS, JJ., concur.