901 So.2d 979 (2005)
Antoinette BUSCEMI, Appellant,
v.
CITY OF PLANTATION, Appellee.
No. 4D04-733.
District Court of Appeal of Florida, Fourth District.
May 11, 2005.
Richard B. Doyle, Jr., of Loughren & Doyle, P.A., Fort Lauderdale, for appellant.
Scott D. Alexander of Johnson, Anselmo, Murdoch, Burke, Piper & McDuff, P.A., Fort Lauderdale, for appellee.
PER CURIAM.
Antoinette Buscemi, the plaintiff below, appeals from the trial court's denial of her motion to tax costs and entry of final judgment after an arbitration award. She argues she is entitled to an entry of a final judgment and an award of costs.
The plaintiff filed suit against the City of Plantation for personal injuries resulting *980 from an automobile accident between her and a city vehicle driven by an employee of the City of Plantation. In her complaint she demanded taxable costs as damages as well as compensatory damages. The trial court referred the case for non-binding arbitration pursuant to section 44.103, Florida Statutes (2003). The arbitrator found the City of Plantation negligent and awarded the plaintiff $8,947.00 plus any amounts "to which there is an outstanding lien to which the parties will agree to the amount." The award did not address costs.
Neither party requested a trial de novo within the twenty days provided by section 44.103(5), Florida Statutes (2003). The plaintiff subsequently filed her motion for entry of final judgment and to tax costs. The trial court denied the motion.
In a recent decision of this court, Connell v. City of Plantation, 901 So.2d 317 (Fla. 4th DCA 2005), Connell raised issues identical to those raised by the plaintiff herein. This court reversed and remanded the case to the trial court for entry of a final judgment and a determination of costs to be taxed against the city.
Following the well-reasoned decision in Connell, we reverse and remand this case for the entry of a final judgment and a determination of taxable costs incurred by the plaintiff.
Reversed and Remanded.
GUNTHER, POLEN and HAZOURI, JJ., concur.