950 So.2d 534 (2007)
Merle A. WOOD, III, Appellant,
v.
PANTON & CO. REALTY, INC., Appellee.
No. 4D06-1347.
District Court of Appeal of Florida, Fourth District.
March 21, 2007.
Mike Pfundstein of Mike Pfundstein, P.A., Fort Lauderdale, for appellant.
*535 Michael P. Hamaway and Anthony J. Horky of Mombach, Boyle & Hardin, P.A., Fort Lauderdale, for appellee.
GROSS, J.
The narrow issue in this case is whether a prevailing party in a lawsuit is entitled to computerized legal research costs as part of an award of taxable costs. We reaffirm our earlier holding of Department of Transportation v. Skidmore, 720 So.2d 1125, 1130 (Fla. 4th DCA 1998), and hold that such costs are not recoverable as taxable costs.
Panton & Co. Realty, Inc., sued Merle Wood claiming that Wood breached a contract by failing to pay a real estate commission. The circuit court granted Panton's motion for summary judgment and awarded it $104,000 and prejudgment interest. Panton moved for attorney's fees and costs under a contractual provision that read:
ATTORNEY FEES AND COSTS: In connection with any arbitration or litigation arising out of this Contract, the prevailing party to the arbitration or litigation, whether Buyer, Seller, or Broker shall be entitled to recover all costs incurred including attorney's fees and legal assistant fees for services rendered in connection therewith including appellate proceedings and postjudgment proceedings. The provisions of this paragraph shall survive the termination or closing of this Contract.
This was not a case where the contractual provision defined the scope of "costs" to be awarded to a prevailing party. Thus we construe the term as it is used in the Statewide Uniform Guidelines for Taxation of Costs in Civil Actions and in section 57.041, Florida Statutes (2006).
The trial court awarded Panton $11,894.80 in attorney's fees and $647.50 as costs. Part of the cost award was $316.25 in Westlaw computer research costs; it is this amount that Wood challenges on appeal.
Skidmore held that computer-assisted legal research costs are "overhead and not properly taxable as costs." 720 So.2d at 1130 (citing Roberts v. Charter Nat'l Life Ins. Co., 112 F.R.D. 411 (S.D.Fla.1986)). In accord with Skidmore, the third district has also ruled that computerized legal research costs are "not compensable." Ocean Club Cmty. Ass'n, Inc. v. Curtis, 935 So.2d 513, 517 (Fla. 3d DCA 2006) (citing Skidmore, 720 So.2d at 1130).
Panton invites us to reconsider Skidmore in light of the 2006 Statewide Uniform Guidelines for Taxation of Costs in Civil Litigation, which became effective after the entry of the order in this case. See In re: Amendments to Uniform Guidelines for Taxation of Costs, 915 So.2d 612 (2005). Panton directs us to the supreme court's suggestion that trial courts "consider and reward utilization of innovative technologies by a party which subsequently minimizes costs and reduces the award when use of innovative technologies that were not used would have resulted in lowering costs." Id. at 614. Panton argues that computer based legal research is consistent with the supreme court's goal of decreasing litigation costs.
Courts around the country have taken three views concerning the assessment of computer-assisted legal research costs as taxable costs.
First, some courts agree with Panton's position and have held that computerized legal research costs are recoverable because they are reasonable, if not essential, in contemporary legal practice, given that computerized research "saves a significant amount of manual research time." See Jackson v. Austin, 267 F.Supp.2d 1059, 1070 (D.Kan.2003); Case v. Unified Sch. *536 Dist., No. 233, Johnson County, Kan., 157 F.3d 1243, 1257-59 (10th Cir.1998) (affirming the trial court's partial award of Westlaw expenses which rejected as unreasonable those Westlaw charges that were not differentiated and identifiable to issues in the litigation); Wehr v. Burroughs Corp., 619 F.2d 276, 285 (3d Cir.1980) ("Use of computer-aided legal research such as LEXIS or WESTLAW, or similar systems, is certainly reasonable, if not essential, in contemporary legal practice.").
A second view of the taxability of computerized research costs is consistent with Skidmorethat such "charges are overhead and not properly taxable as costs." 720 So.2d at 1130; see Nugget Distrib. Coop. of Am., Inc. v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa.1992); Montgomery v. Aetna Plywood, Inc., 231 F.3d 399 (7th Cir.2000), cert. denied, 532 U.S. 1038, 121 S.Ct. 2000, 149 L.Ed.2d 1003 (2001); Apple Corps. Ltd. v. Int'l Collectors Soc'y., 25 F.Supp.2d 480 (D.N.J.1998); Calloway v. Union Pac. R. Co., 929 F.Supp. 1280 (E.D.Mo.1996). As one court explained:
An attorney's time spent performing computerized research is properly compensable. However, the cost of the computer service used in the research is no more reimbursable than the cost of the West's Keynote Digests and the volumes of the Federal Reporter and the Federal Supplement that lawyers used to use (and many still use) to find authority and research issues of law. Westlaw fees are simply an item of overhead, and as such should be built into the fees charged, rather than unbundled and reimbursed separately. . . . Whether one reads a case from a book or a screen, the attorney's time is the compensable elementnot the medium that delivers the message.
BD v. DeBuono, 177 F.Supp.2d 201, 209 (S.D.N.Y.2001) (citing to U.S. ex rel. Evergreen Pipeline Constr. v. Merritt-Meridian Constr. Corp., 95 F.3d 153, 173 (2d Cir.1996)); Sulkowska v. City of New York, 170 F.Supp.2d 359, 370 (S.D.N.Y. 2001); Ciraolo v. City of New York, No. 97 Civ. 8208(RPP), 2000 WL 1521180 (S.D.N.Y.Oct.13, 2000); Tri-Star Pictures, Inc. v. Unger, 42 F.Supp.2d 296 (S.D.N.Y. 1999); Fink v. City of New York, 154 F.Supp.2d 403 (E.D.N.Y.2001). Recently, after an extensive survey of existing case law, the supreme court of Hawaii held that "computer-assisted research charges are subsumed within a law firm's overhead and therefore the client may not recover such costs by classifying them as separately billed attorneys' fees." DFS Group L.P. v. Paiea Props., 110 Hawai'i 217, 131 P.3d 500, 508 (2006).
A third view adopts the approach rejected in DFSthat computerized legal research is not recoverable as an item of taxable costs, but in cases involving entitlement to attorney's fees, such an expense is recoverable as a component of attorney's fees. See Anderson v. New York, 132 F.Supp.2d 239, 247 (S.D.N.Y.2001). In Haroco, Inc. v. American National Bank & Trust Co., 38 F.3d 1429, 1440-41 (7th Cir.1994), the court wrote:
[W]e have previously held that computer research costs "are more akin to awards under attorney's fees provisions [and not] costs." . . . The added cost of computerized research is normally matched with a corresponding reduction in the amount of time an attorney must spend researching. Therefore, we see no difference between a situation where an attorney researches manually and bills only time spent and a situation where the attorney does the research on a computer and bills for both the time and the computer fee. In both cases the total costs are attorney's fees and may not be recovered as "costs."
*537 (Citation omitted). Accord DIRECTV, Inc. v. Christomos, No. 03-1622-HO, 2004 WL 2110700, at *3 (D.Or.2004) (citing Haroco with approval).
We decline the invitation to reconsider Skidmore and travel down a different analytical path. Therefore, we reverse that portion of the costs award allowing $316.25 in "Westlaw usage" costs.
WARNER and TAYLOR, JJ., concur.