974 So.2d 427 (2007)
MIDWAY SERVICES, INC., Appellant/Cross-Appellant/Cross-Appellee,
v.
CUSTOM MANUFACTURING & ENGINEERING, INC., Appellee/Cross-Appellant.
Nos. 2D07-897, 2D07-2220.
District Court of Appeal of Florida, Second District.
October 26, 2007.
*428 Robert V. Potter of Johnson, Pope, Bokor, Ruppel & Burns, LLP, Clearwater, for Appellant/Cross-Appellee.
David A. Townsend and Anita C. Brannon of Townsend & Brannon, Tampa, for Appellee/Cross-Appellant.
STRINGER, Judge.
In case number 2D07-897, Midway Services, Inc., ("Midway") seeks review of the final judgment in which the trial court declined to award attorney's fees incurred during court-ordered nonbinding arbitration. Because the trial court erred in determining that section 44.103(6), Florida Statutes (2005), precludes an award of these attorney's fees, we reverse. In case number 2D07-2220, Midway seeks review of the final order awarding it a portion of its costs in the same case. Because the trial court correctly looked to the Statewide Uniform Guidelines to determine which costs are recoverable, we affirm. On cross-appeal in case number 2D07-2220, Custom Manufacturing & Engineering, Inc., ("CME") seeks review of the cost award. Because the trial court correctly determined that Midway's motion for costs was timely filed, we affirm.
This case arose when CME filed a breach of contract action `against Midway, alleging that Midway breached three different contracts by failing to pay CME for the design and manufacture of water meter devices that were to be installed in apartment complexes. Midway filed a counterclaim alleging that CME had failed to perform two contracts and that Midway did not owe monies under the third contract. The parties were ordered to nonbinding arbitration, and the arbitrator found in favor of CME on all counts. Midway filed a motion for trial de novo, and a jury found in favor of Midway on all counts, including its counterclaim.
Midway filed a motion for attorney's fees and costs pursuant to a prevailing party provision in one of the contracts and a proposal for settlement. The trial court entered a final judgment awarding Midway all of its fees except those incurred during the arbitration proceedings. In denying Midway's request for attorney's fees incurred during the arbitration, the trial court found that section 44.103(6) precludes an award of fees. The trial court deferred ruling on Midway's request for costs, but limited Midway's costs to those that were taxable under the Statewide Uniform Guidelines. Midway filed an appeal of the final judgment, which was assigned case number 2D07-897.
The trial court subsequently held a hearing on the cost issue and rendered an order awarding Midway costs pursuant to the Statewide Uniform Guidelines. Midway filed an appeal of this order, which was assigned case number 2D07-2220. CME filed a cross-appeal of the cost order in case number 2D07-2220. The cases were consolidated for appellate review.

Case No. 2D07-897
Midway argues that the trial court erred in ruling that section 44.103(6) precludes an award of attorney's fees and costs under the contract and proposal for settlement. Because this issue involves a question of law regarding statutory interpretation, our review is de novo. Bell-South Telecomms. v. Meeks, 863 So.2d 287, 289 (Fla.2003). Section 44.103 addresses *429 court-ordered nonbinding arbitration. Subsection (6) provides:
The party having filed for a trial de novo may be assessed the arbitration costs, court costs, and other reasonable costs of the party, including attorney's fees, investigation expenses, and expenses for expert or other testimony or evidence incurred after the arbitration hearing if the judgment upon the trial de novo is not more favorable than the arbitration decision.
Id.
Thus, section 44.103(6) provides a vehicle for awarding attorney's fees against a party who filed for a trial de novo and failed to obtain a judgment more favorable than the arbitration decision. Section 44.103(6) is otherwise silent regarding attorney's fees for court-ordered nonbinding arbitration. The question is whether this silence somehow works to preclude an award of attorney's fees that is authorized by contract or another statutory provision.
There are no Florida cases discussing the application of section 44.103(6) to an award of attorney's fees. However, there are two Florida cases discussing, an analogous issue in the context of the application of section 44.103(6) to a cost award. See Connell v. City of Plantation, 901 So.2d 317 (Fla. 4th DCA 2005); Buscemi v. City of Plantation, 901 So.2d 979 (Fla. 4th DCA 2005).
In Connell the plaintiff sued the City of Plantation for negligent maintenance of a city walkway. 901 So.2d at 318. The court ordered the parties to nonbinding arbitration, and the arbitrator awarded the plaintiff damages but found her to be eighty percent negligent. Id. at 318-19. The court denied the plaintiff's motion to tax costs. Id. at 319. On appeal, the plaintiff argued that she was entitled to costs as the prevailing party pursuant to section. 57.041, Florida Statutes (2003). M at 320. The Fourth District agreed and reversed. In so doing, the court held that section 44.103(6) did not preclude an award of costs under section 57.041. The court held that because section 44.103(6) was silent on "the issue of fees and costs where an arbitration award is unchallenged," then section 57.041 controlled. Id. In Buscemi, the court followed its precedent in Connell without further elaboration. 901 So.2d 979.
Although Connell did not involve an award of attorney's fees after a trial de novo, its rationale is applicable to such an award. As noted in Connell, section 44.103(6) is silent on the award of attorney's fees and costs other than those awardable against a party who filed for a trial de novo and failed to obtain, a judgment more favorable than the arbitration decision. A plain language reading of section 44.103(6) reveals that it does not preclude attorney's fees otherwise awardable to a party who prevails at trial de novo. Section 44.103(6) does not state or imply that it is the sole authority for an award of attorney's fees incurred in court-ordered nonbinding arbitration. There is simply no authority in section 44.103(6) that would permit a trial court to ignore a valid statutory or contractual basis for attorney's fees incurred in such an arbitration proceeding.
Thus, the trial court erred in determining that section 44.103(6)'s silence regarding attorney's fees for a party who prevailed at a trial de novo somehow works to preclude attorney's fees that are authorized on some other basis. We therefore reverse the award of attorney's fees and remand for the trial court to award attorney's fees incurred in the arbitration proceedings below.

Case No. 2D07-2220 (Direct Appeal)
In its order awarding Midway attorney's fees, the trial court deferred ruling *430 on Midway's request for costs, but limited Midway's costs to those that were taxable under the Statewide Uniform Guidelines. The court subsequently awarded Midway costs under the uniform guidelines. On appeal, Midway argues that the trial court erred in limiting the cost award to those taxable pursuant to the uniform guidelines.
The Statewide Uniform Guidelines are advisory guidelines that were created to help courts assess costs. In re Amendments to Uniform Guidelines for Taxation of Costs, 915 So.2d 612, 614 (Fla.2005). They contain three categories of costs: (1) those that should be taxed, (2) those that may be taxed, and (3) those that should not be taxed. Id. at 616-17. However, the guidelines are very clear that they "are not intended to . . . limit the amount of costs recoverable under a contract or statute." Id. at 616. Thus, if the contract specifically provides for certain costs that are not recoverable under the uniform guidelines, the contract controls. See, e.g., Barnes v. City of Dunedin, 666 So.2d 574, 575 (Fla. 2d DCA 1996) ("This court has allowed travel expenses of an attorney only if provided for by contract or statute.").
The costs provision in the contract between the parties in this case provides for the recovery of "all costs and expenses . . . for services rendered in connection with such litigation." However, the contract does not specify which costs should be' recovered. If the contract simply provides for "all costs incurred," then the court should look to the uniform guidelines to determine which costs are recoverable. Wood v. Panton & Co. Realty, Inc., 950 So.2d 534, 535 (Fla. 4th DCA 2007). Thus, the trial court did not err in looking to the uniform guidelines to determine which costs Midway was entitled to recover.

Case No. 2D07-2220 (Cross-Appeal)
CME argues that Midway's motion to tax guidelines costs was not timely filed because it was not pled or filed within thirty days of the final judgment. Midway filed a motion for attorney's fees and costs on September 13, 2006, which was within thirty days of the August 22, 2006, final judgment. The trial court held a hearing on the motion and entered an order in which it passed the cost award but limited costs to those taxable under the Statewide Uniform Guidelines. The order was entered on January 29, 2007, and Midway filed a "Renewed Motion for Recovery of Litigation Costs" on March 28, 2007.
It is this "Renewed Motion" that CME argues was filed untimely. However, the "Renewed Motion" does not seek any relief that Midway had not already sought in its original and timely motion for attorney's fees and costs. While the original motion did not seek costs pursuant to the uniform guidelines, the motion did seek costs. The cost award in this case was not authorized by the uniform guidelines, but by the contract. The court simply looked to the uniform guidelines to see what costs were taxable. In fact, the "Renewed Motion for Recovery of Litigation Costs" was not even necessary because the earlier motion for costs remained pending. Thus, the trial court did not err in determining that Midway's motion for costs was timely filed.

Conclusion
Because the trial court erred in determining that section 44.103(6) precludes an award of attorney's fees incurred during court-ordered nonbinding arbitration, we reverse the final judgment in case number 2D07-897 and remand for further proceedings. We affirm the cost award in case number 2D07-2220 because the trial court correctly looked to the Statewide Uniform Guidelines to determine which costs are *431 recoverable and the motion for costs was timely filed.
Affirmed in part; reversed in part; and remanded.
NORTHCUTT, C.J., and SILBERMAN, JJ., Concur.