HENDRY, Judge.
Plaintiff-appellees William Santiesteban, a minor, and Theodore Santiesteban, his father, instituted a declaratory judgment action to enforce an arbitration award entered upon a claim for uninsured motorist protection. Appellant-defendant Midwest Mutual Insurance Company, the insurer, seeks review of several orders entered as to motions for summary judgment.
The material facts were undisputed, having been established by requests for admissions. The minor plaintiff while driving with the consent of the owner, Elizabeth Benham, was injured as a result of the negligence of an uninsured motorist. The plaintiffs made a demand for recovery totalling $20,000.00 under two separate policies both issued by Midwest, each providing for uninsured motorist coverage for bodily injury sustained by one person as a result of a single accident up to $10,-000.00.
Policy number 380-006 was issued to Dennis Mahfuz covering a 1969 Honda 90 cc motorcycle. The minor plaintiff was named as the principal operator of that motorcycle.
Policy number 529-811 was issued to Elizabeth Benham on a 325 cc Honda motorcycle, for which Jeffrey W. Benham, her son, was listed as the principal operator.
Three arbitrators entered a $20,000.00 award in favor of appellees. Midwest paid $10,000.00 under the Benham policy. Ap-pellees sued to recover the balance of the arbitration award.
*104 The points on appeal concern whether the trial court erred in entering summary judgment for $10,000.00 as to the insurance company’s liability under its automobile insurance policy having uninsured motorist protection, plus $35.00 costs and $2,500.00 attorney’s fees. We find no error in the entry of the final summary judgment enforcing the arbitration award under the insurance coverage in question and no error in the award of attorney’s fees and costs.
From the outset, appellants were advised that appellees sought the policy limits in asserting their claim for uninsured motorist protection under both policies. Appellees advised appellants by a letter dated May 22, 1970, that even though appellants had agreed to pay the limits of the Benham policy, appellees intended to go forward with the arbitration hearing despite Midwest Mutual’s contention that only the Benham policy was applicable to the claim. Midwest Mutual did not seek to enjoin the arbitration proceeding or otherwise timely seek judicial determination as to the necessity of the arbitration.
The insurance carrier here may not exclude coverage for uninsured motorist protection where an insured operates a non-owned vehicle. To do so would be against the public policy expressed in the statutes. § 627.0851, Fla.Stat., 1969, F.S. A., recently renumbered and amended § 627.727, Fla.Stat., F.S.A. and Ch. 324, Fla. Stat., F.S.A. The following authorities further support the conclusion we reach in the instant case.
In Mullís v. State Farm Mutual Automobile Insurance Company, Fla.1971, 252 So.2d 229, 232, the court considered the validity of a policy exclusion relating to uninsured motorist coverage for- a resident family member of the named insured. The policy provision would have excluded coverage of an insured riding in another family-owned vehicle which was not scheduled.
In Valdes v. Prudence Mutual Casualty Company, Fla.App.1968, 207 So.2d 312, the plaintiff was riding a Vespa motor scooter, which he owned but which was not named in plaintiff’s policy, at the time he was struck by an uninsured motorist. There, a policy exclusion under the uninsured motorist provisions was given a narrow construction, and therefore the insurance company was not relieved of liability.
Boyd v. United States Fidelity & Guaranty Company, Fla.1972, 256 So.2d 1, does tend to support the position of the appellant. That case, however, is factually distinguishable as resident-in-household spouses were involved, but in the case sub judice the relationship was father and son. Also, a vehicle not owned by a family member, but owned by a friend was involved in the instant case, as opposed to determining coverage under the term “insured” as defined in the husband’s policy when the husband and wife owned separate cars and insured them with different companies, as was the situation in the Boyd case, supra, further distinguishes these two cases.
Carter v. State Farm Mutual Automobile Insurance Company, Fla.App.1969, 224 So.2d 802 allowed the fixing of arbitration costs of the arbitration, particularly for failure of the respondents to apply for modification or correction of that portion of the arbitrators’ award. The award of costs iri the instant case may be sustained on the authority of the cited opinion.
The appellees have further argued that even assuming, arguendo, the validity of the exclusion in the Mahfuz policy, the insurance company waived such defense to the claim by submitting the issue to arbitration. Appellees point particularly to the tender of the full policy limits under the Benham policy, along with releases and affidavits, before the arbitration proceedings began, but then it did not obj ect to the issue of coverage, being submitted before the arbitrators.
*105 We find merit in the argument that the insurance company in' the action sub judice by proceeding to arbitration waived its defenses as to exclusion. If no insurance coverage was provided by the Mahfuz policy, as Midwest Mutual contends on appeal, then the arbitration proceeding was unnecessary. Midwest should have timely sought a judicial adjudication of this issue, for a decision sustaining its position would render arbitration unnecessary. By failing to pursue this avenue, but instead electing to participate in the arbitration proceeding on the issues encompassed within the arbitration clause, then Midwest Mutual cannot, subsequent to such proceeding, be heard to say that no coverage was afforded because of the exclusion. Midwest Mutual knew of the facts and issues now being presented. The company had tendered the $10,000.00 maximum limit under the Benham policy, along with releases and affidavits, as early as May, 1970. Volkswagen Insurance Company v. Taylor, Fla.App.1967, 201 So.2d 624 dealt with a condition subsequent of cooperation in the factual setting of the claimant then settling with a tortfeasor who later crashed into the vehicle. In the action sub judice, the company attempted to assert non-coverage under an exclusionary clause. The cases are sufficiently analogous for the rule of the Volkswagen Insurance Company case, applied at p. 627, to govern this appeal. See also: National Service Fire Insttrance Company v. Randall, Fla.App.1968, 206 So. 2d 425.
We have considered the record, briefs and arguments of counsel in the light of the controlling principles of law. We have concluded that no reversible error has been demonstrated. Therefore, for the reasons stated and upon the authority of the statutes and cases cited, the summary final judgment appealed is affirmed.
Affirmed.