287 So.2d 665 (1973)
MIDWEST MUTUAL INSURANCE COMPANY, Petitioner,
v.
William SANTIESTEBAN, a Minor, by and through His Father and Next Friend, Theodore Santiesteban, and Theodore Santiesteban, Individually, Respondents.
No. 42880.
Supreme Court of Florida.
December 12, 1973.
Rehearing Denied January 31, 1974.
*666 James E. Tribble of Blackwell, Walker, Gray & Powers, Miami, for petitioner.
Edward A. Perse of Horton & Perse, and Fuller, Brumer, Moss & Cohen, Miami, for respondents.
DEKLE, Justice.
In this cause for review on certiorari from the Third District's affirmance of the plaintiffs' summary judgment,[1] we consider plaintiffs' (respondents') claims for the uninsured motorist coverage of $10,000 under each of two separate insurance policies. Both were issued by petitioner insurance company; one was upon a friend's Honda motorcycle which the minor plaintiff was riding. This $10,000 is conceded since plaintiff was admittedly injured by an uninsured motorist, and the respondent insurance company at all times admitted liability under this policy. The company steadfastly denied, however, any coverage under a "limited policy" issued on another Honda motorcycle to one Dennis F. Mahfuz, 6820 S.W. 19th Ter., Miami, Fla., 33155, with a "Loss Payee" clause payable to Commercial Credit Corp.
The only way the injured minor figures in the "Mahfuz" policy is being listed  not as an insured  but as "principal operator if other than named insured." This was prior to the new 18-year-old statute;[2] whether the vehicle was thus titled and insured for purposes of liability contingencies or a conditional sales contract or whatever reason, the actual ownership of the motorcycle and "the insured" under the policy was Dennis Mahfuz, a "stranger" to respondents insofar as any relationship under this policy is concerned and who resides at a different address.
We might have a different result here except for the fact that the injured plaintiff was not "a resident of the same household" as that of the named insured Dennis Mahfuz, as was the case in Mullis v. State Farm Mutual Automobile Ins. Co., 252 So.2d 229 (Fla. 1971), wherein this Court held that the uninsured motorist coverage was available there, where the injured party "was a resident member of the household of the named insured." This is a critical distinction in our case in which the injured minor had, for whatever reasons, a different residence than that of the owner and insured, Mr. Mahfuz, and the policy expressly listed a separate residence address for the "principal operator", namely, the minor plaintiff here.
There is therefore no "relative resident in the same household" relationship as the essential predicate which was the criterion in Mullis and without which the double recovery sought is without a basis. In this respect, Mullis stated: (p. 233 of 252 So.2d)
"This, of course, would not be the case [coverage] as to other persons potentially covered who are not in the class of the named insured and relatives resident in the Mullis household. These latter are protected only if they receive bodily injury due to the negligence of an uninsured motorist while they occupy the insured automobile of the named insured with his permission or consent." (emphasis added)
The District Court thus misapplied and misconstrued the holding in Mullis; this is one basis for conflict.[3] Moreover, there is *667 direct conflict with Boyd v. United States Fidelity & Guaranty Co., 256 So.2d 1 (Fla. 1971), and Rigel v. Nat'l Casualty Co., 76 So.2d 285 (Fla. 1954), holding that an unambiguous contract of insurance does not require construction, and must be given effect as written. It should have been here. There was no ambiguity in the Mahfuz policy under which the additional $10,000 is sought, wherein the minor plaintiff was listed as "principal operator" and was neither an "insured" nor "relative resident in the same household" nor did he "occupy the insured vehicle" as a basis for uninsured motorist coverage under Mullis. The District Court's transposing of "principal operator" to "insured" was without foundation; this creates conflict with the principles announced in Boyd and Rigel.

WAIVER
Secondly, the trial court had held and the District Court agreed that the insurance company by proceeding to arbitration waived its defenses as to non-coverage, citing Volkswagen Ins. Co. v. Taylor, 201 So.2d 624 (Fla.App. 1st 1967). V.W. is not controlling. In the present cause there are two distinct claims and policies applying. Boyd v. United States Fidelity & Guaranty, supra. The insurance company at all times conceded its liability under its policy on the motorcycle being ridden by the injured plaintiff; it was equally adamant that there was NO additional coverage under the policy on the other motorcycle. It never waivered from that position. By advance letter it expressly rejected submitting to arbitration regarding the additional policy claimed to be applicable; prior to the arbitration hearing the insurance company by further letter offered policy limits of the policy on the motorcycle being operated and insisted that this was the only policy applicable to the claim under arbitration. Under these circumstances there was hardly a waiver since insurer's position was consistent at all times under the one applicable policy and at no time did it consent to the arbitration in any other respect. Accordingly, the entry of an attorney's fee and costs, along with the additional $10,000 on the second policy by the arbitrators was without foundation and cannot stand.
There was no requirement under these circumstances for the insurer to seek to enjoin the arbitration proceedings. The courts favor arbitration to expedite claims and reduce litigation. Nothing the arbitrators could have done could affect the disputed coverage; thus, participation in the arbitration proceedings could not possibly constitute a waiver of the continuously controverted coverage. A "waiver" of nothing is no waiver. It is a brutum fulmen. A challenge of coverage is exclusively a judicial question and may not be decided by arbitration. Netherlands Ins. Co. v. Moore, 190 So.2d 191 (Fla.App. 1st 1966).
Volkswagen involved only a single policy and therefore is not controlling in a situation where there is a second policy as here;
Volkswagen further was a defense on the terms of the single policy whereas sub judice there is no claim of a breach of policy provisions as in Volkswagen. The challenge is upon a complete absence of coverage as to the second vehicle.
Accordingly, certiorari is granted and the opinion of the District Court is quashed with directions to remand for entry of judgment for petitioner. The petitioner having voluntarily paid the $10,000 limit of the Benham policy prior to institution of plaintiffs' action in the circuit court, plaintiffs are not entitled to an award of attorney's fees or costs. Fla. Stat. § 627.0127, F.S.A.
It is so ordered.
ROBERTS, ADKINS and McCAIN, JJ., concur.
BOYD, J., concurring in part, dissenting in part, in which CARLTON, C.J., and ERVIN, J., concur.
BOYD, Justice (concurring in part; dissenting in part).
I agree with the majority view that petitioner Midwest Insurance Company was not *668 liable under the Mahfuz policy. The injured respondent, William Santiesteban, was not an insured, nor a member of the insured's family living in his household, and the Mahfuz motorcycle was not involved in the wreck. Since respondent does not meet any of the requirements stated in our Mullis opinion, he had no right to recover.
The basis for my dissent is that to escape liability under the claim of respondent, the petitioner should have refused arbitration, and filed a complaint in the trial court. Petitioner cannot submit to arbitration, and then challenge the results, except for reasons permitted under Section 682.14, Florida Statutes, F.S.A. None of these reasons have been shown in this case, and the arbitration finding, although contrary to the established law, must prevail. Having no lawful basis to reverse the decision of the arbitration, the trial court and the District Court of Appeal reached the correct result.
CARLTON, C.J., and ERVIN, J., concur.
NOTES
[1] 266 So.2d 102.
[2] Ch. 73-21, Laws of Florida 1973.
[3] Pinkerton-Hays Lbr. Co. v. Pope, 127 So.2d 441 (Fla. 1961); McBurnette v. Playground Equipment Corp., 137 So.2d 563 (Fla. 1962).