931 So.2d 1025 (2006)
UNITED AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
Barbara Judith ORTIZ, Appellee.
No. 4D05-2402.
District Court of Appeal of Florida, Fourth District.
June 14, 2006.
Michael J. Neimand, Coral Gables, for appellant.
*1026 Keith A. Schafer of the Law Offices of Chikovsky, Ben & Schafer, P.A., Hollywood, for appellee.
STEVENSON, C.J.
Appellant, United Automobile Insurance Company ("United Auto"), appeals the final judgment entered in favor of appellee, Barbara Judith Ortiz, pursuant to the February 24, 2005 arbitrator's decision and the trial court's finding that no motion for trial was filed by appellant. Because United Auto did not timely file a motion for trial following the nonbinding arbitration decision, we affirm.
On January 1, 2002, Ortiz was injured when an uninsured/under-insured motorist struck her vehicle. Following the accident, Ortiz sought benefits from United Auto based on an insurance policy she believed she had. United Auto denied the policy was in force at the time of the accident and refused to provide benefits. As its first affirmative defense, United Auto argued the policy was canceled at its inception as a result of Ortiz's returned check for insufficient funds. On December 6, 2004, the trial court ordered the case to nonbinding arbitration. The arbitrator's decision, rendered on February 24, 2005, found Ortiz was entitled to the total amount of her uninsured motorist coverage, in addition to PIP benefits and attorney's fees and costs. Ortiz thereafter filed a motion for entry of final judgment in accordance with the arbitrator's decision due to United Auto's failure to file a motion for trial.
The trial court held a hearing on the motion on June 1, 2005. There, United Auto acknowledged its absence and non-representation at the arbitration hearing. Counsel for Ortiz pointed out that United Auto had not filed any exceptions to the arbitration order. United Auto responded that it was not challenging the amount of damages awarded, but instead the arbitrator's jurisdiction to decide if coverage existed. According to United Auto, the trial court had a duty to determine coverage and could only send the issue of damages to arbitration. We disagree.
"Arbitration is a preferred method of dispute resolution. . . ." Martha A. Gottfried, Inc. v. Paulette Koch Real Estate, 778 So.2d 1089, 1090 (Fla. 4th DCA 2001). Pursuant to section 44.103(2), Florida Statutes (2005), a court "may refer any contested civil action filed in a circuit or county court to nonbinding arbitration." A party dissatisfied with the result of arbitration may file a motion for trial within twenty days of service of the arbitration decision. See Fla. R. Civ. P. 1.820(h). "If no request for trial de novo is made within the time provided, the decision shall be referred to the presiding judge in the case who shall enter such orders and judgments as are required to carry out the terms of the decision. . . ." § 44.103(5), Fla. Stat. "[E]ntry of a judgment in accordance with an arbitrator's decision is a ministerial act. The trial court has no discretion to deny such a request." Connell v. City of Plantation, 901 So.2d 317, 319 (Fla. 4th DCA 2005) (referencing Johnson v. Levine, 736 So.2d 1235 (Fla. 4th DCA 1999)).
United Auto relies on Midwest Mutual Insurance Co. v. Santiesteban, 287 So.2d 665, 667 (Fla.1973), to support its argument that it was not required to request a trial de novo because the issue of coverage was never properly before the arbitrator. There, a father and son sought a declaratory judgment to enforce an arbitration award entered for uninsured motorist protection. See Midwest Mut. Ins. v. Santiesteban, 266 So.2d 102 (Fla. 3d DCA 1972). Midwest Mutual agreed to pay the policy limits, but the father and son proceeded to arbitration. See id. at 104. Following the arbitration hearing, the insurance company *1027 contended that no coverage existed. See id. at 105. The Third District held that by participating in arbitration, the insurance company waived the right to contest coverage. See id. On appeal, the Supreme Court of Florida reversed the ruling of the Third District, stating that "[a] challenge of [c]overage is exclusively a[j]udicial question.. . ." 287 So.2d at 667. "Nothing the arbitrators could have done could affect the disputed [c]overage. . . . A `waiver' of nothing is no waiver." Id.
We find Midwest Mutual readily distinguishable from the instant case. First, the insurance company there objected in advance to the disputed claim being sent to arbitration, insisting there was no coverage. See id. Second, Midwest Mutual involved an express arbitration agreement between the parties. The extent and scope of the issues appropriate for arbitration were therefore properly determined by resort to the agreement between the parties. It is well-recognized that "unlike a court's subject matter jurisdiction which cannot be conferred by the parties, an arbitrator's jurisdiction derives from the parties' agreement. . . ." LeNeve v. Via S. Fla., L.L.C., 908 So.2d 530, 534-35 (Fla. 4th DCA 2005). Nowhere in Midwest Mutual did the court state that the parties agreed the arbitrator would determine coverage; it is therefore understandable why the court would conclude that a challenge to coverage was exclusively a judicial question. Here, the entire case was referred to nonbinding arbitration pursuant to Florida Statutes section 44.103. We find nothing in section 44.103 that restricts the issues the arbitrator may determine during arbitration. Thus, when the trial court referred the instant case to nonbinding arbitration, the entire controversy, including liability, damages and coverage, was subject to determination by the arbitrator. Cf. Buckeye Check Cashing, Inc. v. Cardegna, ___ U.S. ___, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006) (holding that a borrower's claim that a contract was void ab initio under Florida Law and public policy must be resolved by arbitration where there was no claim that the arbitration provision itself was unenforceable and reversing Cardegna v. Buckeye Check Cashing, Inc., 894 So.2d 860 (Fla.2005)).
Accordingly, we hold the issue of coverage may be determined by the arbitrator when a trial court refers a case to nonbinding arbitration pursuant to section 44.103. In this case, because no party filed a timely motion for trial, the trial court did not err in entering final judgment in accordance with the decision of the arbitrator.
Affirmed.
GUNTHER and MAY, JJ., concur.